THE STATE OF OHIO, APPELLEE, *v.* McCARTNEY, APPELLANT.

(No. 13577—Decided December 7, 1988.)

*Marc R. Wolff,* assistant prosecuting attorney, for appellee.

*John O. McIntyre, Jr.,* for appellant.

MAHONEY, J. In this appeal from her convictions for one count of murder and one count of burglary, appellant Carol Ann McCartney contests the validity of her guilty plea and the state's failure to prove the element of venue. We affirm.

### Facts

On August 14, 1987, the Bath Police Department found the body of James McCartney in the trunk of his car. His car was found at the Fairlawn Motor Inn, Summit County, Ohio. The body had been in the trunk for several days.

The Summit County Grand Jury secretly indicted appellant for one count of burglary and for the aggravated murder with a firearm specification of her husband James.

For several days, the case was tried to the jury. Before the state completed its case in chief, appellant entered a negotiated plea of guilty to murder and burglary. The firearm specification was dismissed.

\* \* \*

### Assignment of Error II

"The Summit County Court of Common Pleas lacked proper venue over this action. The trial court erred in hearing this case which was properly situated in Stark County."

Venue is neither a jurisdictional issue nor a material element of a criminal offense. *State* v. *Loucks* (1971), 28 Ohio App. 2d 77, 57 O.O. 2d 160, 274 N.E. 2d 773. Venue is a personal privilege. It is a fact which the state must prove beyond a reasonable doubt unless waived by the accused. *State* v. *Headley* (1983), 6 Ohio St. 3d 475, 477, 6 OBR 526, 528, 453 N.E. 2d 716, 718.

In this case, appellant entered a knowing, intelligent and voluntary plea of guilty to the lesser included offense of murder. This plea precludes her from challenging the factual issue of venue. See *State* v. *Genda* (Mar. 3, 1982), Summit App. No. 10362, unreported. She has waived her right to have the state establish venue beyond a reasonable doubt.

Accordingly, we overrule this assignment of error.

### Summary

Based on the foregoing reasons, we overrule each assignment of error and affirm the conviction.

*Judgment affirmed.*

BAIRD, P.J., and QUILLIN, J., concur.