OPINION
Defendant-appellant Larry Terry appeals from the denial of his petition for post-conviction relief. Terry contends that the trial court erred in denying his petition, because the trial court, in entering the initial conviction, was without subject-matter jurisdiction, so that the judgment of conviction is void.
At best, Terry has placed into question the proper venue for the charged offenses. Improper venue does not deprive a trial court of subject-matter jurisdiction. Accordingly, any error concerning venue was waived when Terry pled guilty to the charged offenses.
The trial court properly denied Terry's petition for post-conviction relief, and that judgment is Affirmed.
 I
In 1996, Terry was charged by indictment with one count of Aggravated Burglary and two counts of Burglary. The alleged Aggravated Burglary occurred within Greene County; one of the alleged Burglaries occurred within Madison County, and the other alleged Burglary occurred within Fayette County. Each of the charges included a firearm specification. Terry pled guilty to all three counts, including the specification, and was sentenced accordingly.
In 1997, Terry filed a petition for post-conviction relief, which was dismissed without a hearing. Terry appealed, and we affirmed, in Case No. 97-CA-31.
The present appeal concerns a second petition for post-conviction relief, filed in 1998. Terry appeals from the dismissal of that petition.
 II
Terry's assignments of error are as follows:
 TRIAL COURT ERRED AS A MATTER OF LAW, WHERE IT'S "JUDGMENT ENTRY" OF FEBRUARY 4, 1999, VIOLATES APPELLANT'S RIGHTS UNDER THE FOURTH, FIFTH, SIXTH, AND FOURTEEN AMENDMENTS OF THE U.S. CONSTITUTION. WHEN THE DECISION TO DENY APPELLANT'S PETITION IS BASED ON UNREASONABLE DETERMINATION OF THE UNDERLYING FACTS IN LIGHT OF EVIDENCE PRESENTED, AND IN LIGHT OF APPLICABLE LAW.
 APPELLANT'S CONVICTIONS AND SENTENCES FOR COUNT (II), AND COUNT (III) IS VOID FOR THE TOTAL WANT OF SUBJECT-MATTER JURISDICTION BY THE TRIAL COURT AND COUNT (I) IS VOIDABLE AS BEING ENTERED INVOLUNTARILY.
In both of these assignments of error, Terry contends that the trial court was without subject-matter jurisdiction when it originally entered the judgments of conviction and sentences. Terry bases this argument upon the fact that two of the offenses occurred outside of Greene County, the county in which he was prosecuted.
As a threshold matter, the State contends that this appeal is simply a rehash of Terry's prior appeal, and that the petition for post-conviction relief from which this appeal is taken was not timely filed in accordance with the statute.
We have reviewed our opinion in the prior appeal, and it appears that we were concerned with the issue of whether the pendency of proceedings in the other two counties created a Double Jeopardy problem when the conviction was entered in Greene County. It is not clear that we considered an argument that the trial court was without subject-matter jurisdiction. Furthermore, the trial court, in connection with Terry's second petition for post-conviction relief, from which this appeal is taken, does not appear to have considered the timeliness issue. Fortunately, we find it unnecessary to consider either of the State's contentions, because we conclude that Terry's argument is without merit.
Questions concerning the propriety of venue in a criminal case do not implicate subject-matter jurisdiction. State v. Bess
(August 1, 1997), Clark App. No. 96-CA-66, unreported; State v.McCartney (1988), 55 Ohio App.3d 170. Consequently, a claim of improper venue is waived by a plea of guilty. Id.
When Terry pled guilty to the charged offenses, he waived any claim of improper venue. Therefore, the trial court properly denied his petition for post-conviction relief. Both of Terry's assignments of error are overruled.
 III
Both of Terry's assignments of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and YOUNG, JJ., concur.