JOURNAL ENTRY AND OPINION
Defendant-appellant David Ross appeals from his conviction in Cuyahoga County Common Pleas Court case number 386004 for assault in violation of R.C. 2903.13. The appellant appeals from the sentence imposed for the assault as well as the sentence in Cuyahoga County Common Pleas Court case number 386207 for trafficking in cocaine in violation of R.C.2925.03.
The appellant sets forth four assignments of error. Such facts as are necessary are set forth within the fourth assignment of error, which will be considered first.
The fourth assignment of error:
 THE TRIAL COURT ERRED BY FAILING TO COMPREHENSIVELY INSTRUCT THE JURY FOLLOWING CLOSING ARGUMENTS AND BY FAILING TO PROVIDE COUNSEL WITH THE OPPORTUNITY TO OBJECT TO INSTRUCTIONS OUTSIDE THE PRESENCE OF THE JURY.
The appellant asserts that the court erred when it charged the jury prior to closing argument without repeating the instructions after the closing argument and compounded this error by failing to provide an opportunity for counsel to object out of the hearing of the jury. The appellant also contends that the court erred in failing to charge the jury with an instruction concerning venue.
Crim.R. 30(A) states:
 (A) Instructions; error; record. At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. Copies shall be furnished to all other parties at the time of making the requests. The court shall inform counsel of its proposed action on the requests prior to counsel's arguments to the jury and shall give the jury complete instructions after the arguments are completed. The court also may give some or all of its instructions to the jury prior to counsel's arguments. The court need not reduce its instructions to writing.
 On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury.
The Ohio Supreme Court has clearly stated that the failure to object to jury instructions constitutes a waiver of any error. State v. Waddell (1996), 75 Ohio St.3d 163. In order to warrant a reversal of a conviction under the plain error analysis of Crim.R. 52(B), the appellee must establish that the outcome of the trial would have been different but for the trial court's allegedly improper actions. Id.
This court has held that proper venue permits the defendant to be tried in the jurisdiction in which the offender committed the crime. State v. Mason (July 5, 2001), Cuyahoga App. No. 78606, unreported, citing to State v. Headly (1983), 6 Ohio St.3d 475. Although venue is not a material element of a crime, it is a factual issue that must be proven beyond a reasonable doubt. Mason, supra, citing to State v. McCartney (1988), 55 Ohio App.3d 170. Venue may be proven by all the facts and circumstances presented in the case. Mason, supra, citing to State v. Verona (1988), 47 Ohio App.3d 145. In State v. Dixon (Nov. 8, 2000), Summit App. No. 19971, unreported, the court considered the very issue regarding the lack of a specific jury instruction on the issue of venue as the appellant presents here. The court found no plain error because the location of the offense was stated in the instruction given regarding the indictment.
In the matter at hand, the trial court instructed the jury:
 Before you can find the defendant guilty of felonious assault, you must find beyond a reasonable doubt that on or about the 12th day of November, 1999, and in Cuyahoga County, Ohio, the defendant knowingly caused physical harm to Maurice Johnson by means of a deadly weapon, specifically a firearm.
(T. 617). This instruction requires that the jury find, prior to any conviction, that the offense occurred in Cuyahoga County. Thus, the trial court required the issue of venue to be proven beyond a reasonable doubt. The appellant has failed to show any prejudice by the trial court's instruction and failed to show that the outcome of the trial, absent the alleged error, would have been different.
Turning next to the issue of the trial court's timing of the instruction, the Supreme Court has held that after arguments are completed, a trial court must fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the finder of fact. State v. Comen (1990), 52 Ohio St.3d 206, at syllabus two. However, when applying the rule, the Supreme Court found that the defendant had failed to present evidence of prejudice resulting from the trial court's refusal to repeat all of its instructions to the jury at the close of argument.
Additionally, we note that in State v. Baskin (Nov. 9, 2000), Stark App. No. 1999CA00240, unreported, the appellate court was confronted with an identical issue to the one presented in this matter. In Baskin, the trial court gave its instructions to the jury prior to closing argument and charged the jury only with instructions regarding its procedure in deliberation after the conclusion of closing argument. The appellate court held that absent objection, plain error would not be found where there is no challenge to the content of the instructions per se, but rather the challenge is to the order or format by which the instructions were delivered by the court. See also State v. Owens (1993),91 Ohio App.3d 479, where the trial court pre-charged the jury with instructions regarding its duties in the trial. In Owens, no objection was lodged and the appellate court found, beyond a reasonable doubt, that the procedure employed by the court did not contribute to the appellant's conviction.
This court finds, based on Comen, Baskin, and Owens, supra, that absent any showing of prejudice, the appellant's argument that the trial court committed reversible error in failing to completely charge the jury at the close of argument is not well founded.
Finally, the appellant contends that there was no opportunity to object to the jury instructions out of the hearing of the jury. The appellant has cited to no cases which have interpreted this infraction of Crim.R. 30 as reversible error. We find this technical error to be harmless beyond a reasonable doubt where there has been no argument, let alone evidence, presented that this failure impacted the outcome of the appellant's convictions.
The appellant's first, second and third assignments of error have the same resolution and will be considered together:
 THE TRIAL COURT ERRED IN SENTENCING MR. ROSS TO A ONE-YEAR TERM OF IMPRISONMENT ON HIS CONVICTION FOR SELLING LESS THAN ONE GRAM OF CRACK COCAINE.
 THE TRIAL COURT ERRED IN SENTENCING MR. ROSS TO A SIX-MONTH TERM OF IMPRISONMENT ON HIS CONVICTION FOR SIMPLE ASSAULT.
 THE TRIAL COURT ERRED IN SENTENCING MR. ROSS TO CONSECUTIVE TERMS OF IMPRISONMENT.
The appellant contends that the trial court failed to make sufficient findings on the record to support its sentence. The appellee concedes these assignments of error.
The appellant's first, second, and third assignments of error are well taken.
The appellant's convictions are affirmed, however case is remanded for resentencing.
This cause is affirmed in part, reversed in part and remanded.
The court finds there were reasonable grounds for this appeal. It is, therefore, considered that said appellant(s) and appellee(s) each pay one-half of the costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
MICHAEL J. CORRIGAN, J., and FRANK D. CELEBREZZE, JR., J., CONCUR.