[Cite as *State v. Mayfield*, 2024-Ohio-5915.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 113825 |
| v. | : | |
| JEFFREY MAYFIELD, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** December 19, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-683259-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Glen Ramdhan, Assistant Prosecuting Attorney, *for appellee.*

Jonathan N. Garver, *for appellant.*

EMMANUELA D. GROVES, J.:

{¶ 1} Defendant-appellant, Jeffrey Mayfield ("Mayfield") appeals his convictions arguing three issues: (1) three of his offenses were committed outside Cuyahoga County; (2) his sentence was in violation of Crim.R. 11(C); and (3) his 72-month consecutive prison sentence was excessive, unsupported by the record, and

contrary to law. For the reasons that follow, we affirm the trial court's decision and remand for the issuance of a nunc pro tunc sentencing entry.

**Procedural History**

{¶ 2} On August 15, 2023, Mayfield was indicted on a 13-count indictment including rape, attempted rape, gross sexual imposition, and a litany of other offenses for conduct that occurred over a number of years. It was alleged that four of the offenses occurred in Lorain County, three in Cuyahoga County, and one in Medina County. On February 5, 2024, Mayfield plead guilty to Count 1, disseminating matter harmful to juveniles, a felony of the fifth degree punishable up to twelve months; amended Count 3, attempted sexual battery with furthermore clause for a victim less than 13 years old, a high-tier felony of the third degree, punishable up to 60 months; and Count 8, gross sexual imposition, a felony of the fourth degree punishable up to 18 months. Counts 1 and 3 allegedly occurred in Lorain County and Count 8 occurred in Medina County. The remaining counts were nolled. On March 18, 2024, the trial court sentenced Mayfield to 12 months for Count 1, 60 months for Count 3, and 12 months for Count 8. The court ordered Count 1 to run concurrently and Counts 3 and 8 to run consecutively for a total of 72 months of imprisonment.

{¶ 3} Mayfield appealed, raising the following assignments of error.

> **Assignment of Error No. 1**
>
> The trial court committed prejudicial error, plain error and violated Article 1, Section 10 of the Constitution of the State of Ohio and [R.C] 2901.12 by accepting guilty pleas to three offenses, all of which were

committed outside Cuyahoga County (Counts 1 and 3, Lorain County; Count 8, Medina County).

**Assignment of Error No. 2**

The trial court committed prejudicial error, plain error and substantially failed to comply with Crim.R. 11(C), by not identifying the potential penalties that could be imposed for new offenses if [Mayfield] violated the sex-offender-registration requirements.

**Assignment of Error No. 3**

The 72-month consecutive prison term imposed by the trial court is excessive, unsupported by the record, and contrary to law.

**Law and Analysis**

**Offenses Committed Outside of Cuyahoga County**

{¶ 4} Mayfield alleges the trial court committed prejudicial error, plain error, and violated Article I, Section 10 of the Ohio State Constitution and R.C. 2901.12 by accepting guilty pleas to three offenses committed outside of Cuyahoga County. We find that Mayfield's argument lacks merit.

{¶ 5} Venue is established under Article I, Section 10 of the Ohio Constitution, requiring criminal trials to be held in the "county in which the offense is alleged to have been committed," and R.C. 2901.12(A), requiring criminal trials to be held "in the territory of which the offense or any element thereof was committed." R.C. 2901.12(H) also allows offenses committed in other jurisdictions "as a part of a course of criminal conduct" to be tried "in any jurisdiction in which one of those offenses or any element of one of those offenses occurred."

{¶ 6} However, venue is neither a material element of a criminal offense nor a jurisdictional issue. *State v. McCartney*, 55 Ohio App.3d 170, 170 (9th Dist. 1988), citing *State v. Loucks*, 28 Ohio App.2d 77 (4th Dist. 1971). Rather, venue is a fact that must be proven by the State beyond a reasonable doubt unless it is waived by the defendant. *Id.*, citing *State v. Headley*, 6 Ohio St.3d 475, 477 (1983); *State v. Wogenstahl*, 2024-Ohio-2714, ¶ 36 ("Venue is not a material element of any crime but, unless waived, is a fact that must be proven at trial beyond a reasonable doubt.").

{¶ 7} A guilty plea precludes a defendant from challenging venue because it is a factual issue. *McCartney* at 170, citing *State v. Genda*, 1982 Ohio App. LEXIS 14441 (9th Dist. Mar. 3, 1982). Thus, because Mayfield pleaded guilty, he waived his right to have the State establish venue beyond a reasonable doubt. Accordingly, Mayfield's first assignment of error is overruled.

**Appellant Violated the Sex-Offender-Registration Requirements**

{¶ 8} In his second assignment of error, Mayfield claims that his plea was not knowingly, intelligently, and voluntarily made because the trial court did not delineate what specific sentences could be imposed if he failed to abide by the Tier III sex-offender-registration requirements. We reject Mayfield's argument.

{¶ 9} When considering whether a guilty plea was entered knowingly, intelligently, and voluntarily, an appellate court conducts a de novo review of the record and examines the totality of the circumstances to determine whether the trial court complied with the rule and adequately advised the defendant of his

constitutional and nonconstitutional rights. *State v. Spock*, 2014-Ohio-606, ¶ 7, 9 (8th Dist.).

{¶ 10} A defendant's plea must be entered knowingly, intelligently, and voluntarily for the plea to be constitutional under the United States and Ohio Constitutions. *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "Ohio Crim.R. 11(C) was adopted in order to facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review." *State v. Nero*, 56 Ohio St.3d 106, 107 (1990). The purpose of Crim.R. 11(C) is to require the trial court to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty or no contest. *State v. Poage*, 2022-Ohio-467, ¶ 9 (8th Dist.), citing *State v. Ballard*, 66 Ohio St.2d 473, 479-480 (1981).

{¶ 11} Under Crim.R. 11(C)(2), a trial court shall not accept a guilty plea in a felony case without first addressing the defendant personally and doing all the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty . . ., and that the court, upon acceptance of the plea, may procced with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to

jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the State to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Thus, before accepting a defendant's guilty plea in a felony case, the trial court must comply with Crim.R. 11(C) and "conduct an oral dialogue with the defendant to determine that the plea is voluntary, and the defendant understands the nature of the charges and the maximum penalty involved, and to personally inform the defendant of the constitutional guarantees he [or she] is waiving by entering a guilty plea." *State v. Martin*, 2010-Ohio-244, ¶ 5 (8th Dist.).

{¶ 12} In *State v. Dangler*, 2020-Ohio-2765, the Ohio Supreme Court clarified the focus in reviewing a trial court's compliance with Crim.R. 11 and presumed that the "sex-offender-registration scheme" as a whole constitutes a penalty for purposes of the rule. There, the defendant argued that his plea was invalid because, even though the trial court told him that he would have to register as a Tier III sex offender for the rest of his life, it did not explain more fully the obligations and restrictions that accompanied his sex-offender status. While the Ohio Supreme Court recognized a deficiency in the information provided regarding R.C. Ch. 2950's sex-offender-registration requirements, it found that because the trial court advised defendant that he would be subject to the sex-offender-registration requirements of R.C. Ch. 2950, the trial court did not completely fail to comply with Crim.R. 11(C)(2)(a)'s maximum-penalty-advisement requirement prior to accepting his plea. *Id.* at ¶ 22.

{¶ 13} In so finding, the *Dangler* Court explained that the focus in reviewing pleas is not "on whether the trial judge has '[incanted] the precise verbiage' of the rule, . . . but on whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea." *Id.* at ¶ 12, quoting *State v. Stewart*, 51 Ohio St.2d 86, 92 (1977). The Court further explained that determining a trial court's compliance with Crim.R. 11 "should be a fairly straightforward inquiry" and "the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and, (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.* at ¶ 17.

{¶ 14} Mayfield cites *State v. McMahon*, 2015-Ohio-3300 (6th Dist.), and *State v. Hawkins*, 2013-Ohio-2572 (2d Dist.), in support of his argument. In *McMahon*, the trial court failed to mention that the defendant would be classified as a Tier III sex offender and the implications of that classification. *Id.* at ¶ 15. In *Hawkins*, the prosecutor misstated the applicable tier level and the trial court referenced only an "unspecified 'registration requirement,'" failing to mention in-person address verification or community notification requirements. *Id.* at ¶ 16.

{¶ 15} Mayfield's case is clearly distinguishable. Here, the trial court indicated that it provided Mayfield and his attorney with notice of Tier I and Tier III registration duties and asked Mayfield if his attorney reviewed the document with him. Mayfield replied that he had. The trial court advised Mayfield of all sex

offender and sexually oriented offense registration requirements in detail, e.g., when to register and for what, and further elaborated on the specifics of those requirements. (*See* tr. 37-43.) The trial court then reviewed the entire sex-offender-registration form, going through each paragraph with Mayfield, noting that Tier I registration is required for 15 years while Tier III registration is required for a lifetime. After completing its review of the registration requirement form, the trial court advised Mayfield that criminal prosecution would result from any failure to register, verify his residence at the specified times, or provide notice of any changes to his residence or other required information. Again, Mayfield indicated he understood. The trial court also mentioned that Mayfield could be indicted if he failed to respond and report to the sheriff's department. Finally, the trial court indicated that violations of the registration requirements constitute felonies of the third degree. Thus, unlike *McMahon* and *Hawkins*, the trial court advised Mayfield of all the sex offender and sexually oriented offense registration requirements and provided detailed information regarding those requirements.

{¶ 16} Accordingly, we find the trial court complied with Crim.R. 11(C)(2)(a). Because we answer the first question posed by *Dangler* in the affirmative, no further inquiry is necessary. Accordingly, Mayfield's second assignment of error is overruled.

**Consecutive Prison Term**

{¶ 17} In his third assignment of error, Mayfield argues that his 72-month consecutive prison term is excessive, unsupported by the record, and contrary to law. We find that Mayfield's argument lacks merit.

{¶ 18} R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public; and (3) one of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

Moreover, R.C. 2929.14(C)(4) and Crim.R. 32(A)(4) require the trial court to make statutory findings at the sentencing hearing prior to imposing consecutive sentences: "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d], which of the given bases

warrants its decision.'" *State v. Bonnell*, 2014-Ohio-3177, at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326 (1999).

{¶ 19} "To this end, a reviewing court must be able to ascertain from the record evidence to support the trial court's findings." *State v. Wells*, 2021-Ohio-2585, ¶ 71, citing *Bonnell* at ¶ 29. "A trial court is not, however, required to state its reasons to support its findings, nor is it required to [recite verbatim] the statutory language, 'provided that the necessary findings can be found in the record and are incorporated in the sentencing entry.'" *State v. Sheline*, 2019-Ohio-528, ¶ 176 (8th Dist.), quoting *Bonnell* at ¶ 37.

{¶ 20} Our review of the record reveals that the State and victim spoke prior to sentencing, giving details to both the physical and mental impact Mayfield had on the victim since the abuse started when he was seven years old. The trial court advised that the sentence imposed was based upon the principles of felony sentencing and then stated the statutory factors. The trial court further advised that it considered the physical and mental injuries suffered by the victim, noting that that these injuries were exacerbated by the victim's young age and the victim suffered serious physical, psychological, and economic harm as a result of Mayfield's conduct. The trial court stated, "This [harm] is very apparent to the Court as the victim has been here sobbing in court while the victim's statement has been read." (Tr. 97.) The trial court referenced the victim's courage under the circumstances, noting that Mayfield lied to authorities for several years, which exacerbated the victim's suffering. The trial court also found that Mayfield's relationship with the

victim facilitated the offense. Finally, the trial court stated that it did not believe Mayfield showed genuine remorse.

{¶ 21} Based on the foregoing, we find the trial court made the necessary statutory findings before imposing consecutive sentences and that those sentences were not excessive or contrary to law. Our review of the record indicates that the trial court engaged in the proper analysis and weighed the appropriate statutory factors when it imposed Mayfield's sentence. The record clearly supports the trial court's finding that consecutive sentences were necessary and appropriate. Accordingly, we overrule Mayfield's third assignment of error.

{¶ 22} We note the sentencing entry states "Count 3: F3, 60 month(s), to be run concurrent with Count 1 and consecutive to Count 8" but indicates "Count 8: F4, 12 month(s), to be run concurrent with Count 1 and consecutive to *Count 8*[.]" (Emphasis added.) (Journal Entry, 03/18/24.) Because the trial court advised that "Count 3 and Count 8 will be run consecutive to each other for a period of 70 months" at the sentencing hearing and so indicated in its sentencing entry for Count 3, the scriveners' error in Count 8 is merely an oversight correctible through a nunc pro tunc entry pursuant to Crim.R. 36. Therefore, we remand the matter for the issuance of a nunc pro tunc entry consistent with the trial court's imposition of consecutive sentences for Counts 3 and 8.

{¶ 23} Judgment affirmed. The matter is remanded to the trial court for the issuance of a nunc pro tunc sentencing entry.

It is ordered that appellee recover from appellant cost herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for correction of the journal entry and execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

EILEEN T. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR