OPINION
{¶ 1} Ronald E. Harris II appeals from the trial court's denial of his R.C. 2953.21 petition for post-conviction relief. In his sole assignment of error, Harris contends the trial court erred in denying the petition without an evidentiary hearing.
 {¶ 2} Following a jury trial, Harris was convicted on four counts of felonious assault, one count of improperly discharging a firearm at or into a habitation, and two counts of *Page 2 
having a weapon while under disability. Several of the counts included firearm specifications. The convictions stemmed from Harris' act of shooting a gun toward an occupied vehicle and a house. The trial court imposed an aggregate sentence of twelve years in prison. We affirmed the convictions in State v. Harris, Champaign App. No. 2006 CA 39,2008-Ohio-1753.
 {¶ 3} Harris commenced this pro se post-conviction action in January 2007, while his direct appeal was pending. His petition set forth six claims for relief. The State opposed the petition, arguing that most of Harris' claims were barred by res judicata and that others lacked sufficient evidentiary support to warrant a hearing. The trial court denied the petition on September 27, 2007.
 {¶ 4} Harris advances the following assignment of error on appeal:
 {¶ 5} "The trial court erred when it ruled for Summary Judgment in favor of the State/Appellee thus denying the Appellant his petition for Post Conviction Relief and an Evidentiary hearing, violating his Constitutional Sixth and Fourth Amendments Rights as well as violating Ohio law."
 {¶ 6} Under R.C. 2953.21, "a criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing." State v. Calhoun,86 Ohio St.3d 279, 282, 1999-Ohio-102, citing State v. Cole (1982), 2 Ohio St.3d 112. First, the trial court must determine whether there are substantive grounds for relief, i.e., "whether there are grounds to believe that `there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States.'" Id. at 283, quoting R.C. 2953.21(A)(1). In making this determination, the court "shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings *Page 3 
against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized record of the clerk of the court, and the court reporter's transcript." R.C. 2953.21(C).
 {¶ 7} The post-conviction relief statute imposes on a petitioner "the initial burden to submit evidentiary documents containing operative facts sufficient to demonstrate substantive grounds for relief that merit a hearing." State v. Gapen, Montgomery App. No. 20454,2005-Ohio-441, ¶ 21. "Broad conclusory allegations are insufficient, as a matter of law, to require a hearing." Id. Additionally, where the allegations in an affidavit, even if true, do not demonstrate a constitutional violation, no hearing is required. Calhoun,86 Ohio St.3d at 284. To obtain a hearing, a defendant must demonstrate prejudicial error. Id. at 283. A hearing is unnecessary if a petitioner's claim is belied by the record and is unsupported by operative facts other than his self-serving affidavit or statements in his petition.Gapen, supra, ¶ 21. Finally, a hearing is not required if a defendant's post-conviction claims are barred by res judicata. "Under the doctrine of res judicata, a convicted felon who was represented by counsel in a proceeding resulting in a judgment of conviction is barred from raising any claim presenting a defense or lack of due process as grounds for relief in an R.C. 2953.21 petition if the claim was raised or could have been raised by the petitioner in the trial court proceeding or in an appeal from the judgment of conviction." State v. Sewell, Montgomery App. No. 21444, 2007-Ohio-30, ¶ 9.
 {¶ 8} With the foregoing standards in mind, we conclude that the trial court did not err in denying Harris' petition without an evidentiary hearing. Although his pro se brief is difficult to follow, Harris' petition itself raised six distinct claims for relief. The first claim alleged ineffective assistance of counsel based on his attorney's (1) failure to locate or call witnesses, (2) refusal to ask for black jurors during voir dire, (3) failure to enter a plea of not *Page 4 
guilty by reason of insanity, (4) failure to prepare for trial, (5) attempt to have Harris sign a time waiver, and (6) utterance of "racially derogatory statements as well as remarks."
 {¶ 9} The trial court properly rejected the foregoing allegations without an evidentiary hearing. As the trial court noted, Harris neglected to identify any particular witnesses or indicate what their testimony would have been. Therefore, he failed to show prejudice. The trial court also observed that potential jurors were selected randomly in accordance with normal procedure. Counsel's failure to request black jurors was not error. With regard to competence, the trial court found that Harris' competence was established prior to trial and that no evidence was presented, at trial or in connection with the post-conviction filing, to support an insanity defense. We agree. Harris was examined by an expert prior to trial and found by the trial court to be competent. The trial court also found that the record belied Harris' conclusory allegations about a lack of trial preparation. Having witnessed counsel's performance, the trial court opined that counsel was adequately prepared. In addition, Harris' claim that trial counsel attempted to have him sign a time waiver provides no grounds for post-conviction relief. Finally, the trial court noted Harris' failure to identify the "substance, time or location" of the allegedly derogatory remarks made by his attorney. In any event, we thoroughly examined the nature of the relationship between Harris and his attorney on direct appeal and found no error in the trial court's refusal to appoint new counsel. Harris' conclusory allegations about improper remarks provide no substantive grounds for post-conviction relief.
 {¶ 10} The second claim for relief in Harris' petition alleged that the prosecutor violated his constitutional rights by using an altered copy of a 911 tape at trial. Harris insisted that the original tape would have shown his innocence. The trial court pointed out, however, that Harris had "not identified or [even] implied" what exculpatory information allegedly had *Page 5 
been removed from the tape. Absent more specific operative facts from Harris, the trial court did not err in rejecting his claim.
 {¶ 11} In his third claim for relief, Harris asserted that one of the State's trial witnesses, Nolan Adams, Jr., was a confidential informant. Harris argued that the prosecutor violated his constitutional rights by failing to make him aware of this fact prior to trial. Although Harris did not indicate how this lack of knowledge prejudiced him, we presume he would have used the information in an attempt to impeach Adams' credibility. The trial court found no basis for post-conviction relief, reasoning:
 {¶ 12} "* * * The Court finds no support for the assertion that Mr. Adams is a confidential informant. Further, even if Mr. Adams was an informant, the Court finds Defendant has failed to show how this information would affect Mr. Adams' credibility in this felonious assault case or that this could not have been raised at trial or on direct appeal."
 {¶ 13} Upon review, we disagree, in part, with the trial court's reasoning. Harris asserted in his post-conviction relief petition that Adams was a confidential informant. He supported this assertion with his own affidavit. Therefore, there was some support for the claim. We also disagree with the trial court's finding that Harris could have raised the issue at trial or on direct appeal. We infer from Harris' third claim for relief that he was unaware of Adams' status during trial. Therefore, he could not have raised the issue then. He also could not have presented evidence outside the trial record to raise it on direct appeal. We do agree with the trial court's finding, however, that Harris failed to show any real prejudice arising from his lack of knowledge about Adams' status. Even if Adams sometimes served as a confidential informant, he did not work in that capacity in the present case. Instead, he was the victim of the offenses at issue. The record reflects that Harris fired several shots at Adams after ordering Adams to vacate his property following an argument. Adams' status as *Page 6 
a confidential informant, even if true, was purely coincidental and had nothing to do with this case. We find no reasonable likelihood that the result of trial would have been different if Harris had been able to cross examine Adams about being a confidential informant. Therefore, the trial court did not err in finding no basis for post-conviction relief. Because we have assumed the truth of Harris' allegation in making this determination, there was no need for an evidentiary hearing.
 {¶ 14} In his fourth claim for relief, Harris alleged that the trial court violated his constitutional rights by allowing perjured testimony from Sergeant Dave Reese to be used against him. According to the petition, Sergeant Reese testified that he secured the perimeter around Harris' home on the day of the crime. Harris alleged, however, that an individual named Mike Hodges entered the home sometime that day. Harris asserted that Hodges' presence contradicted Sergeant Reese's testimony and demonstrated that it was perjured. The trial court correctly pointed out that Harris' claim about Hodges entering the home, even if true, in no way established perjury by Sergeant Reese. It could be that Sergeant Reese was unaware of Hodges' entry into the home. It also could be that Hodges entered the home before the perimeter was established or after it was terminated. Moreover, even if Hodges did breach the perimeter with Sergeant Reese's knowledge, Harris' petition failed to explain how he was prejudiced. A bare allegation that Hodges entered the house, without more, is not indicative of perjury by Sergeant Reese. The trial court did not err in finding no basis for post-conviction relief.
 {¶ 15} In his fifth claim for relief, Harris contended the prosecutor violated his constitutional rights at trial by employing a litigation tactic called "sweeping." According to Harris, the prosecutor engaged in sweeping while questioning witnesses in an effort to confuse jurors and distort the facts. We note, however, that this argument could have been *Page 7 
raised on direct appeal. The only evidence needed to establish the claim is a transcript. Therefore, the trial court correctly held that res judicata barred the claim.
 {¶ 16} In his sixth claim for relief, Harris sought to have his convictions dismissed on the basis that he was "legally incompetent before and during the trial." Harris asserted that the record contained evidence to support this claim. In its ruling, the trial court found Harris' claims of incompetence to be belied by the record. It also noted that his allegations did not depend on any evidence outside the record. Consequently, the trial court found res judicata applicable. We agree with the trial court's analysis. We fully addressed the issue of Harris' competence on direct appeal. He presented no new evidence outside the record on the issue. As a result, the trial court did not err in finding no basis for post-conviction relief.
 {¶ 17} In response to the State's summary judgment motion, Harris argued below that the motion was procedurally defective because it lacked an "Affidavit of Verity." According to Harris, such an affidavit was required by Civ. R. 56. It is well settled, however, that Civ. R. 56 does not require the submission of an affidavit. Indeed, Civ. R. 56(B) expressly provides that a party defending against a claim may move "with or without supporting affidavits for a summary judgment in the party's favor[.]" Therefore, Harris failed to demonstrate any defect in the State's motion.
 {¶ 18} Finally, in his reply memorandum, Harris accuses the trial court and the prosecutor of unfairness and bias, apparently as a result of his post-conviction relief petition being denied without an evidentiary hearing. Based on the reasoning set forth above, however, we conclude that Harris failed to establish his entitlement to a hearing. To the extent that Harris' reply memorandum contains other new arguments, we need not address them. Ostendorf v. Montgomery Cty. Bd. ofCommrs., Montgomery App. Nos. 20257, 20261, 2004-Ohio-4520, ¶ 29 ("An appellant may not use a reply brief to raise new issues or *Page 8 
assignments of error."). For purposes of our analysis herein, we have focused on the allegations contained in the petition for post-conviction relief. Because Harris failed to provide the trial court with evidentiary documents containing sufficient operative facts to warrant a hearing, the trial court did not err in denying the petition without a hearing.
 {¶ 19} Harris' assignment of error is overruled, and the judgment of the Champaign County Common Pleas Court is affirmed.
GRADY, J., and DONOVAN, J., concur.
Copies mailed to:
Nick A. Selvaggio
Scott D. Schockling
Ronald Eugene Harris, II
 Hon. Roger B. Wilson *Page 1