[Cite as *State v. Harris*, 2013-Ohio-4818.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

STATE OF OHIO                              :

    Plaintiff-Appellee              :          C.A. CASE NO. 2013 CA 10

v.                                        :          T.C. NO.    06CR141

RONALD E. HARRIS II                        :            (Criminal appeal from
                                                         Common Pleas Court)
    Defendant-Appellant          :

                                          :

        . . . . . . . . . .

**O P I N I O N**

Rendered on the   1st   day of   November  , 2013.

        . . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Assistant Prosecuting Attorney, 200 N. Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

RONALD E. HARRIS II, #537076, Chillicothe Correctional Institute, P. O. Box 5500, Chillicothe, Ohio 45601
      Defendant-Appellant

        . . . . . . . . . .

DONOVAN, J.

{¶ 1}   Defendant-appellant Ronald E. Harris, II, appeals a decision of the Champaign County Court of Common Pleas overruling his "motion requesting re-sentencing [pursuant to] H.B. 487."   Harris filed a timely notice of appeal with this Court on March 4,

2013.

{¶ 2} Following a jury trial, Harris was convicted on four counts of felonious assault, one count of improperly discharging a firearm at or into a habitation, and two counts of having a weapon while under disability. Several of the counts included firearm specifications. The convictions stemmed from Harris' act of shooting a gun toward an occupied vehicle and a house. The trial court imposed an aggregate sentence of twelve years in prison. We affirmed the convictions in *State v. Harris*, 2d Dist. Champaign No. 2006 CA 39, 2008-Ohio-1753 (hereinafter "*Harris I*").

{¶ 3} Harris commenced his first pro se post-conviction action in January 2007, while his direct appeal was pending. Harris' petition set forth six claims for relief. The State opposed the petition, arguing that most of Harris' claims were barred by res judicata and that others lacked sufficient evidentiary support to warrant a hearing. The trial court denied the petition on September 27, 2007. We affirmed the trial court's judgment in *State v. Harris*, 2d Dist. Champaign No. 2007 CA 32, 2008-Ohio-5165 (hereinafter "*Harris II*"). Specifically, we found that because Harris failed to provide the trial court with evidentiary documents containing sufficient operative facts to warrant a hearing, the trial court did not err in denying the petition without a hearing.

{¶ 4} On January 2, 2013, Harris filed a "motion requesting re-sentencing [pursuant to] H.B. 487." The trial court denied the motion in a journal entry filed on February 11, 2013.

{¶ 5} It is from this judgment that Harris now appeals.

{¶ 6} Harris' first assignment of error is as follows:

{¶ 7} "DID THE CHAMPAIGN COUNTY COURTS COMMIT PERJURY, CONTEMPT AND VIOLATE ARTICLE III OF EVIDENCE RULES FOR NOT REVIEWING RE-SENTENCING UNDER HOUSE BILL 86 WITH-IN TEAGUE RULE EXCEPTIONS AND USCS CON. ST. ART.III, §2, CL1."

{¶ 8} Although his briefs are difficult to follow, in his first assignment, Harris contends that the trial court erred when it overruled his motion for re-sentencing pursuant to H.B. 86. Specifically, Harris argues that due to the passage of H.B. 86 in 2011, he is entitled to retroactive application of the statute resulting in a reduction in his sentence which was imposed in 2006.

{¶ 9} The General Assembly expressly provided in H.B. 86 when its amendments were to be applicable: "The amendments * * * apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section and to a person to whom division (B) of section 1.58(B) of the Revised Code makes the amendments applicable." In turn, R.C. 1.58(B) identifies the law to apply when a statute is amended after the commission of a crime but before sentencing: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended." *State v. Jenkins*, 2d Dist. Montgomery No. 25414, 2013-Ohio-3038.

{¶ 10} In the instant case, Harris was convicted and sentenced for his offenses in 2006, more than five years before the effective date of H.B. 86. Pursuant to R.C. 1.58(B), the amendments regarding sentencing in criminal cases set forth in H.B. 86 do not apply to Harris, and he is not entitled to reconsideration of his sentence.

{¶ 11}   We also note that Harris argues in his underlying motion that he was entitled to jail time credit and/or risk reduction sentencing pursuant to H.B. 487.   Harris fails to establish or even argue how risk reduction sentencing should be retroactively applied in his case.   Additionally, he has failed to demonstrate any error regarding the application of jail time credit.

{¶ 12}   Finally, in a somewhat rambling fashion, Harris raises several other issues regarding evidence admissibility, venue, suppression of evidence, prosecutorial misconduct, juror misconduct, and witness availability.   "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal.   *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.   Clearly, Harris' claims could have been raised on direct appeal.   Accordingly, we conclude that Harris' arguments are barred by res judicata.

{¶ 13}   Harris' first assignment of error is overruled.

{¶ 14}   Harris' second assignment of error is as follows:

{¶ 15}   "DID THE CHAMPAIGN COUNTY COURTS DENY DECLARATORY JUDGMENT, PRIVATE EMPLOYMENT, INMATE ART, AND GOOD DAY ASSESSMENTS, UNDER CIVIL R [sic] RULE 52 WRIT OF PROHIBITION?   RETRO"

{¶ 16}   In his second assignment, Harris again asserts that H.B. 86 should be applied retroactively in order to reduce his sentence.   As we previously stated, H.B. 86 has no applicability to Harris' sentence.

{¶ 17}   Harris' second assignment of error is overruled.

{¶ 18}   All of Harris's assignments of error having been overruled, the judgment of

trial court is affirmed.

. . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies mailed to:

Jane A. Napier
Ronald E. Harris II
Visiting Judge Hon. David C. Faulkner,
Champaign County Common Pleas Court