[Cite as *State v. Wilson*, 2014-Ohio-3286.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 14CA16 |
| | : | |
| JULIAN WILSON, JR. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Richland County Court
of Common Pleas, Case No. 12-CR-761

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      July 24, 2014

APPEARANCES:

For Plaintiff-Appellee:

JAMES J. MAYER, JR.
RICHLAND CO. PROSECUTOR
38 South Park St.
Mansfield, OH 44902

For Defendant-Appellant:

JULIAN WILSON, JR., pro se
Richland Correctional Institution
1001 Oliveburg Rd.
P.O. Box 8107
Mansfield, OH 44901-8107

*Delaney, J.*

{¶1}   Appellant Julian Wilson, Jr. appeals from the February 20, 2014 judgment entry of the Richland County Court of Common Pleas overruling his motion to dismiss the indictment for lack of jurisdiction.  Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2}   A statement of the facts underlying appellant's criminal convictions is not necessary to our resolution of this appeal.

{¶3}   Upon jury trial before the Richland County Court of Common Pleas, appellant was found guilty of one count of felonious assault and one count of misdemeanor assault.  He was found not guilty of other charges.  Appellant was sentenced to an aggregate prison term of four years, to be served consecutively to a prison term imposed in an unrelated probation-violation case.

{¶4}   Appellant appealed from his convictions and sentence, raising two assignments of error; appellant argued the trial court should have dismissed the indictment because appellee failed to provide a timely bill of particulars and because appellee failed to prove the statements set forth in the bill of particulars.  We overruled both assignments of error on January 8, 2014 in *State v. Wilson*, 5th Dist. Richland No. 13CA39, 2014-Ohio-41.  A motion for delayed appeal to the Ohio Supreme Court was denied in *State v. Wilson*, 138 Ohio St.3d 1491, 2014-Ohio-2021, 8 N.E.2d 962.

{¶5}   In his reply brief in the direct appeal, appellant argued the indictment was defective because it didn't allege subject-matter jurisdiction.  We declined to address this argument because new assignments of error may not be raised in a reply brief.

*Wilson*, supra, 2014-Ohio-41 at ¶ 38, citing *State v. Nichols*, 5th Dist. Coshocton No. 01-CA-016, 2002-Ohio-4048, ¶ 44.

{¶6}   On December 9, 2013, appellant filed a motion to dismiss the case for lack of jurisdiction before the trial court, which was overruled on February 20, 2014.

{¶7}   On March 24, 2014, appellant filed an application for reopening pursuant to App.R. 26(B), which we overruled on May 13, 2014, as will be addressed infra.

{¶8}   Appellant now appeals from the trial court's decision of February 20, 2014.

{¶9}   Appellant raises three assignments of error:

**ASSIGNMENTS OF ERROR**

{¶10} "I.  THE TRIAL COURT ERRED WHEN IT ABUSED ITS DISCRETION BY OVER-RULING THE APPELLANTS MOTION TO DISMISS COUNTS OF INDICTMENT FOR LACK OF SUBJECT MATTER/TERRITORIAL JURISDICTION WHICH HAD NOT BEEN PROPERLY ACQUIRED IN 2012 PURSUANT TO THE FILING OF A FATALLY DEFECTIVE INDICTMENT IN CONTRAVENTION OF THE UNITED STATES AND OHIO CONSTITUTIONS." (*sic throughout*)

{¶11} "II.   FAILURE TO OBJECT OR CHALLENGE SUBJECT MATTER JURISDICTION/TERRITORIAL JURISDICTION BEFORE THE COMMENCEMENT OF TRIAL."  (*sic*)

{¶12} "III.   THE BILL OF PARTICULARS IS A DEFECTIVE ISSUE AS TO LOCATION WHERE THE OFFENSES ALLEGEDLY OCCURRED."

**ANALYSIS**

I.

{¶13} In his first assignment of error, appellant argues his conviction is void for lack of subject-matter jurisdiction. We disagree.

{¶14} Venue and subject-matter jurisdiction are distinct legal concepts. See *State v. Bobinchuck,* 9th Dist. Summit No. 19536, 2000 WL 1287296, *1 (Sept. 13, 2000). "'Jurisdiction' means the courts' statutory or constitutional power to adjudicate the case." (Internal quotations and citations omitted.) *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004–Ohio–1980, ¶ 11. It is only when the trial court lacks subject matter jurisdiction that its judgment is void. Id. at ¶ 12. "Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." Id. at ¶ 11.

{¶15} Pursuant to R.C. 2931.03, the court of common pleas has subject matter jurisdiction of criminal cases. *State v. Mitchell,* 5th Dist. Guernsey No. 07-CA-17, 2008-Ohio-101, ¶ 32. A common pleas court has original jurisdiction in felony cases and its jurisdiction is invoked by the return of an indictment. *Click v. Eckle*, 174 Ohio St. 88, 89, 186 N.E.2d 731 (1962). The indictment in the instant case charged appellant with several felonies alleged to have occurred in Richland County, Ohio. The Richland County Court of Common Pleas therefore had subject-matter jurisdiction over appellant's case. See, *State v. Poissant*, 5th Dist. Fairfield No. 08 CA 7, 2009-Ohio-4235, ¶ 20, appeal not allowed, 123 Ohio St.3d 1510, 917 N.E.2d 812, 2009-Ohio-6210.

{¶16} By contrast, "venue is a fact which must be proved in criminal prosecutions unless it is waived by the defendant." *State v. Headley,* 6 Ohio St.3d 475,

477, 453 N.E.2d 716 (1983). "Section 10, Article I of the Ohio Constitution fixes venue, or the proper place to try a criminal matter[.]" Id. Article I, Section 10 of the Ohio Constitution provides, in pertinent part, that "[i]n any trial, in any court, the party accused shall be allowed * * * a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed * * *."

{¶17} Appellant argues the indictment did not establish the offenses occurred in Richland County, an argument which goes to venue, not subject-matter jurisdiction. See *Headley* at 477.

{¶18} The indictment of appellant states in pertinent part "INDICTMENT FOR: KIDNAPPING, FELONIOUS ASSAULT (2 counts) & ASSAULT, THE STATE OF OHIO, RICHLAND COUNTY, SS; COURT OF COMMON PLEAS."  We addressed this argument in appellant's application to reopen his appeal, in which we stated in pertinent part:

> * * *.  The indictment then goes on to list each count and specifies the sections appellant allegedly violated of the Ohio Revised Code.  Thus, it can be understood from the indictment that the offenses were committed at some place within the jurisdiction of the court, Richland County, as required by R.C. 2941.03(D). See *State v. Roberson*, [supra]; *State v. Singleton*, 10th Dist. Franklin No. 01AP-632, 2002-Ohio-784.  In addition, though the county was not stated in each count of the indictment, R.C. 2941.03(D) states that an indictment is not invalid "[f]or the want of an allegation of the time or place of a material fact when the time and place have been

once stated therein." Finally, based on the statutory presumption in R.C. 2901.11(A)(1), the Richland County Court of Common Pleas had subject matter jurisdiction over the charges in this case as they were charges brought under the laws of the State of Ohio and each section of the Ohio Revised Code appellant allegedly violated was detailed in each count of the indictment.

Venue is "not a material element of any offense charged. The elements of the offense charged and the venue of the matter are separate and distinct * * * Yet, in all criminal prosecutions, venue is a fact that must be proved at trial unless waived." *State v. Draggo*, 65 Ohio St.2d 88, 90, 418 N.E.2d 1342 (1981). The Ohio Supreme Court has stated that, "it is not essential that the venue of the crime be proven in express terms, provided it be established by all the facts and circumstances in the case, beyond a reasonable doubt, that the crime was committed in the county and state as alleged in the indictment." *State v. Hampton*, 134 Ohio St.3d 447, 451, 983 N.E.2d 324 (2012), quoting *State v. Dickerson*, 77 Ohio St. 34, 82 N.E.2d 969 (1907).

Prior to trial, appellee provided appellant with open-file discovery and appellant had access to witness statements, police reports, and medical records in the case. The issue of venue was then proven beyond a reasonable doubt at trial. Karen Brown testified the incident occurred at her house on Spayer Lane and

further testified this address was located in Mansfield in Richland County, Ohio. Officer Kaufman testified that he responded to the incident location at 408 Spayer Lane in Mansfield, Ohio, in Richland County. Appellant also testified the incident occurred at Brown's home and he did not dispute the incident took place in Richland County.

{¶19} We note an App.R. 26(B) application for reopening is a "collateral post-conviction remedy[.]" *Morgan v. Eads*, 104 Ohio St.3d 142, 2004–Ohio–6110, 818 N.E.2d 1157, ¶ 22. Res judicata applies not only to direct appeals, but to all post-conviction proceedings in which an issue was or could have been raised. See, *State v. Montgomery*, 8th Dist. Cuyahoga, 2013–Ohio–4193, 997 N.E.2d 579, ¶ 42.

{¶20} Appellant has raised the "subject-matter jurisdiction" argument on two previous occasions: in his reply brief on direct appeal, as noted supra, and in an application to reopen his first direct appeal pursuant to App.R. 26(B), which was denied on May 13, 2014. In the latter decision, we found the indictment was not defective for lack of subject-matter jurisdiction and venue in Richland County was established. Thus, the venue argument raised by appellant in this subsequent appeal is barred by res judicata. See, *State v. Roberson*, 5th Dist. Stark No. 1998CA00271, unreported, 1999 WL 1071950 (Nov 15, 1999) at *2.

{¶21} Appellant's first assignment of error is overruled.

II.

{¶22} In his second assignment of error, appellant argues he received ineffective assistance of trial counsel due to the failure to raise the "subject-matter jurisdiction" argument. We disagree.

{¶23} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See*, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955). "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶24} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶25} In light of our resolution of appellant's first assignment of error, we find defense trial counsel was not incompetent in failing to raise the subject-matter

jurisdiction argument, nor would the argument have resulted in a different outcome at trial.

{¶26} Appellant's second assignment of error is overruled.

III.

{¶27} In his third assignment of error, appellant argues the bill of particulars was defective. We disagree.

{¶28} Again, in overruling appellant's application to reopen his direct appeal, we addressed this argument and stated:

> The bill of particulars alleged in each count that the incident took place at 75 Sturges Avenue, Mansfield, Ohio, appellant's address where he was arrested, instead of at 408 Spayer Lane, Mansfield, Ohio, which was Brown's address where the incident at issue occurred.
>
> Courts have held that an incorrect address in a bill of particulars, without a showing that this incorrect address was prejudicial to the defense, is harmless error. *State v. Bolan*, 8th Dist. Cuyahoga No. 85993, 2005-Ohio-6970; *State v. Tijerina*, 3d Dist. Defiance No. 4-91-27, 1992 WL 292407 (Sept. 30, 1992); *State v. Williams*, 1st Dist. Hamilton No. C-920869, 1993 WL 547184 (Dec. 1. 1993); *State v. Montoya*, 12th Dist. Clermont No. CA2012-02-015, 2013-Ohio-3312. Further, Criminal Rule 33 provides that a variance between the allegations and the evidence at trial is not reversible error unless the defense is prejudiced or misled thereby. Crim.R. 33(E)(2).

Appellant was informed of appellee's open-discovery policy and thus had access to items such as the police reports, medical reports, and witness statements in the case. The Complaint Request Form, the Incident / Investigation Report, and Richland County Prosecutor's Statements of Facts, all filed in October of 2012, list the correct 408 Spayer Lane address as the address of the incident. Brown testified at trial that the incident occurred at her home on Spayer Lane and Officer Kaufman testified that he responded to the incident location at 408 Spayer Lane. Appellant also testified the incident occurred at Brown's home, did not dispute the incident took place at 408 Spayer Lane, and only disputed Brown and T.L.'s testimony of how the events unfolded on October 15, 2012.

{¶29} Appellant's argument here is also barred by res judicata as described in our resolution of appellant's first assignment of error.

{¶30} Appellant's third assignment of error is overruled.

## CONCLUSION

{¶31} Appellant's three assignments of error are overruled and the judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, J. and

Wise, P.J.

Baldwin, J., concur.