[Cite as *State v. Morrar*, 2014-Ohio-3663.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2013-08-027 |
| | : | O P I N I O N |
| - vs - | | 8/25/2014 |
| | : | |
| MAHMUD I. MORRAR, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI 20090100

Stephen J. Pronai, Madison County Prosecuting Attorney, Rachel M. Price, 59 North Main Street, London, Ohio 43140, for plaintiff-appellee

Mahmud I. Morrar, #616-322, London Correctional Institution, P.O. Box 69, London, Ohio 44140, defendant-appellant, pro se

**PIPER, J.**

{¶ 1} Defendant-appellant, Mahmud Morrar, appeals a decision of the Madison County Court of Common Pleas, finding his argument regarding improper venue barred by res judicata.

{¶ 2} This court has previously affirmed Morrar's sentence and convictions for discharging a firearm into a habitation, the accompanying gun specification, and fleeing and

eluding. *State v. Morrar*, 12th Dist. Madison Nos. CA2009-10-021, CA2009-10-022, 2010-Ohio-2310. Morrar's convictions stemmed from his firing a gun into the home of business associates, and then leading police on a chase afterwards. Morrar was ultimately apprehended at the end of the police chase, and later found guilty of his crimes by a jury. The trial court sentenced Morrar to a 15-year aggregate sentence.

{¶ 3} On appeal to this court, Morrar argued that his convictions were against the manifest weight of the evidence and that the trial court erred in failing to grant him a continuance to obtain new counsel. This court overruled Morrar's assignments of error and affirmed his convictions and sentence.

{¶ 4} Morrar subsequently filed a motion with the trial court, essentially seeking postconviction relief. Morrar argued that Madison County was an improper venue and that as a result, the trial court lacked jurisdiction to convict and sentence him. The trial court found that Morrar failed to argue venue previously so that such argument was barred by res judicata. Morrar appeals the trial court's decision, raising the following assignment of error:

{¶ 5} THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING THE APPELLANT [SIC] PETITION TO VACATE SENTENCE DUE TO LACK OF SUBJECT MATTER JURISDICTION AND VENUE CAUSING A MANIFEST MISCARRIAGE OF JUSTICE.

{¶ 6} Morrar argues in his assignment of error that the trial court should have granted his motion for postconviction relief because Madison County was not the proper venue in which to bring the charges against him.

{¶ 7} The doctrine of res judicata provides that,

> a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have

- 2 -

been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Davis*, 139 Ohio St.3d 122, 2014-Ohio-1615, ¶ 28.

{¶ 8} The record is clear that there was a final judgment of conviction in the case at bar, and that Morrar, through his counsel, never argued or challenged venue to the trial court or to this court on appeal so that his argument is barred by res judicata. *See State v. Harris II*, 2d Dist. Champaign No. 2013 CA 10, 2013-Ohio-4818 (finding appellant's argument regarding improper venue barred by res judicata where appellant did not challenge venue on direct appeal).

{¶ 9} Nonetheless, Morrar asserts that the Madison County Court lacked jurisdiction because venue was improper. As this court has recognized, however, venue and jurisdiction are two distinct concepts. Venue commonly refers to the "appropriate place of trial for a criminal prosecution as between different geographical subdivisions within a state." *State v. Lahmann*, 12th Dist. Butler No. CA2006-03-058, 2007-Ohio-1795, ¶ 14. Jurisdiction, on the other hand, refers to the power of a court to hear and determine a case on its merits. *Id.*

{¶ 10} Crim.R. 18(A) specifies that venue, or the place of trial in a criminal case, "shall be as provided by law," and Section 10, Article I of the Ohio Constitution guarantees a criminal defendant the right to a trial in the "county in which the offense is alleged to have been committed." The right to proper venue is also codified in R.C. 2901.12(A), which provides that the "trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed."

{¶ 11} "The purpose of the venue requirement is to give the defendant the right to be tried in the vicinity of the alleged criminal activity, and to limit the state from indiscriminately seeking a favorable location for trial that might be an inconvenience or disadvantage to the

defendant." *State v. Rankin,* 12th Dist. Clinton App. No. CA2004-06-015, 2005-Ohio-6165, ¶ 11.

{¶ 12} Even though venue is a fact that must be proven beyond a reasonable doubt, venue is not a material element of any offense charged, and the elements of the offense charged and the issue of proper venue are separate and distinct. *State v. Smith,* 87 Ohio St.3d 424, 435, citing *State v. Headley*, 6 Ohio St.3d 475, 477 (1983). Venue is not a jurisdictional issue so that it is considered to be a "personal privilege," and as such may be waived by the accused. *Lahmann*, 2007-Ohio-1795 at ¶ 17.

{¶ 13} The record is clear that Morrar did not challenge whether Madison County was the proper venue at trial, and therefore waived that right to challenge venue in the future. Despite the fact that Morrar confuses venue and jurisdiction, the two concepts are different. Morrar waived his arguments regarding venue by not challenging such in the trial court, and his arguments are further barred by res judicata because no challenge was raised on direct appeal. Morrar is not permitted to raise a venue argument at any time, as he would be with a jurisdictional challenge. As such, the trial court properly denied Morrar postconviction relief, and Morrar's single assignment of error is overruled.

{¶ 14} Judgment affirmed.

RINGLAND, P.J., and S. POWELL, J., concur.