[Cite as *State v. Morrar*, 2015-Ohio-4234.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2015-05-018 |
| | : | O P I N I O N |
| - vs - | | 10/13/2015 |
| | : | |
| MAHMUD I. MORRAR, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI 20090100

Stephen J. Pronai, Madison County Prosecuting Attorney, Rachel Price, 59 North Main Street, London, Ohio 43140, for appellee

Mahmud I. Morrar, #A616322, London Correctional Institution, P.O. Box 69, London, Ohio 43140, appellant, pro se

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Mahmud I. Morrar, appeals from a judgment of the Madison County Common Pleas Court overruling his motion for post-judgment relief under Civ.R. 60(B). For the reasons that follow, we affirm the judgment of the trial court.

{¶ 2} In 2009, appellant was convicted of discharging a firearm into a habitation, an accompanying firearm specification, and fleeing and eluding, for which he received a 15-year

aggregate prison sentence. Appellant's convictions stemmed from his firing a handgun into the home of his business associates, and then leading police on a high-speed chase afterwards. This court affirmed appellant's conviction and sentence on direct appeal. *State v. Morrar*, 12th Dist. Madison Nos. CA2009-10-021 and CA2009-10-022, 2010-Ohio-2310.

{¶ 3} In 2014, appellant filed a motion in the trial court in which he essentially sought postconviction relief on the ground that Madison County was not the proper venue for his trial. *State v. Morrar*, 12th Dist. Madison No. CA2013-08-027, 2014-Ohio-3663, ¶ 4. The trial court found that because appellant had failed to raise this argument previously, the argument was barred by res judicata. *Id.* This court affirmed the trial court's decision. *Id.* at ¶ 6-14.

{¶ 4} On May 7, 2015, appellant filed a "Motion for Post Judgment Relief Pursuant to Civ.R. 60(B)(5)," in which he again argued that Madison County was not the proper venue for his trial. The state filed a "Notice of Opposition" to appellant's Civ.R. 60(B) motion. On May 15, 2015, the trial court overruled appellant's motion for post-judgment relief, finding that it was barred by res judicata.

{¶ 5} Appellant now appeals, assigning the following as error:

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT GAVE BIRTH TO A CONFLICT OF INTEREST WHEN IT PERMITTED THE TRIAL JUDGE TO MAKE A RULING ON THE APPELLANT'S MOTION FOR POST JUDGMENT RELIEF, WHEN THE TRIAL COURT WAS RESPECTFULLY REQUESTED BY THE APPELLANT NOT TO DUE TO THE FACT THAT THE TRIAL JUDGE WAS THE STATES [sic] PROSECUTOR IN THE PRIOR PROCEEDINGS AND AT A JURY TRIAL ON THIS CASE.

{¶ 8} Assignment of Error No. 2:

{¶ 9} THE TRIAL COURT VIOLATED APPELLANT'S RIGHT OF DUE PROCESS WHEN IT PREMATURELY MADE A RULING ON THE APPELLANT'S MOTION FOR POST

JUDGMENT RELIEF AND BY DOING SO ABUSED IT'S [sic] DISCRETION.

{¶ 10} Assignment of Error No. 3:

{¶ 11} THE TRIAL COURT VIOLATED APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS OF THE LAW TO BE CHARGED IN THE COUNTY WHERE THE ALLEGED CRIME OCCURRED & BE INDICTED [sic].

{¶ 12} In his first assignment of error, appellant argues the trial court erred in ruling on his Civ.R. 60 motion in which he sought to have his 2009 conviction and sentence vacated. Appellant notes that the prosecutor in his 2009 trial is now a judge on the Madison County Court of Common Pleas. Although his argument is not entirely clear, appellant appears to suggest that it was this former prosecutor, now trial judge, who overruled his Civ.R. 60(B) motion for post-judgment relief. Appellant contends that he asked the trial court to not allow "the presiding judge to make a ruling [in order] to avoid a conflict of interest." He further contends that he had "no chance of receiving a fair and impartial ruling" from this [former prosecutor, now] trial judge, and therefore his due process rights were violated.

{¶ 13} The state responds to appellant's argument by acknowledging that the assistant prosecutor who tried appellant's case, Eamon P. Costello, is now the judge of the Madison County Court of Common Pleas. The state asserts that this is the very reason that Judge Costello did not sign the entry overruling appellant's Civ.R. 60(B) motion for post-judgment relief. The state notes that the judge who presided at appellant's original trial, Judge Robert D. Nichols, has continued to preside over appellant's criminal proceedings, and that it was Judge Nichols who signed the entry denying appellant's Civ.R. 60(B) motion for post-judgment relief. The record supports the state's contentions. Accordingly, appellant's first assignment of error is overruled.

{¶ 14} In his second assignment of error, appellant argues the trial court violated his due process rights and abused its discretion when it prematurely ruled on his Civ.R. 60(B)

motion for post-judgment relief. Specifically, appellant contends that the trial court erred and abused its discretion by failing to give him ten days to respond to the state's notice of opposition to his Civ.R. 60(B) motion and by failing to hold a hearing on the merits of his claims. We disagree with these contentions.

{¶ 15} The trial court was not required to give appellant ten days to respond to the state's notice of opposition to appellant's Civ.R. 60(B) motion. Crim.R. 47 states as follows:

> An application to the court for an order shall be by motion. A motion, other than one made during trial or hearing, shall be in writing unless the court permits it to be made orally. It shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit.
>
> To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition.

{¶ 16} Crim.R. 47 allows a court to "make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition." Here, it is not clear whether the trial court explicitly made "provision by rule or order for the submission and determination" of appellant's motion for post-judgment relief. Nevertheless, appellant's motion for post-judgment relief contained a brief statement of reasons in support of his motion, and the state filed a notice of opposition that contained a brief statement of reasons in opposition to appellant's motion. Nothing in Crim.R. 47 requires that the moving party be given an opportunity to file a reply to the opposing party's response. Further, the issue contained in appellant's motion for post-judgment relief, i.e., that Madison County was not the proper venue for appellant's trial, already had been thoroughly litigated in these proceedings.

{¶ 17} For this same reason, there was no need for the trial court to hold a hearing on

appellant's Civ.R. 60(B) motion as the issue of venue that was raised in appellant's motion for post-judgment relief had been raised earlier in these proceedings, and therefore, appellant was barred from raising that same issue again by res judicata. See *State v. Davis*, 139 Ohio St.3d 122, 2014-Ohio-1615, ¶ 28 (final judgment of conviction bars convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment any defense that was raised or could have been raised by the defendant at the trial that resulted in that judgment of conviction or an appeal from that judgment). In light of the foregoing, appellant's second assignment of error is overruled.

{¶ 18} In his third assignment of error, appellant argues the state failed to prove that Madison County was the proper venue for his trial, and therefore, the trial court violated his constitutional right to be charged in the county where the alleged crimes occurred. However, appellant raised this same argument in his 2014 motion in which he was essentially seeking postconviction relief. See *Morrar*, 2014-Ohio-3663, ¶ 4, 6-13. The trial court found that appellant's arguments regarding venue were barred by res judicata, and this court affirmed the trial court's ruling. *Id*. Appellant is barred from raising this same argument in this appeal for the same reasons we set forth in *Morrar*. Accordingly, appellant's third assignment of error is overruled.

{¶ 19} Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.