[Cite as *State v. Crawford*, 2019-Ohio-273.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 18CA79 |
| | : | |
| BRIAN CRAWFORD | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Richland County Court of Common Pleas, Case No. 2007-CR-411

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      January 22, 2019

APPEARANCES:

For Plaintiff-Appellee:      For Defendant-Appellant:

GARY BISHOP      BRIAN CRAWFORD, PRO SE
RICHLAND CO. PROSECUTOR      Inmate 540-154
JOSEPH C. SNYDER      Marion Correctional Institution
38 South Park Street      P.O. Box 57
Mansfield, OH 44902      Marion, OH 43301

*Delaney, J.*

{¶1}   Appellant Brian A. Crawford appeals from the August 28, 2018 "Judgment Entry Overruling Motion to Partially Vacate Void Judgment" of the Richland County Court of Common Pleas.  Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2}   A statement of the facts underlying appellant's criminal convictions is not necessary to our resolution of this appeal.

{¶3}   In 2007, appellant was charged by indictment with 8 counts of rape, 15 counts of sexual battery, and 20 counts of gross sexual imposition.  The matter proceeded to trial by jury and appellant was found guilty as charged.  Appellant was sentenced to an aggregate prison term of 40 years.

{¶4}   We confirmed appellant's convictions and sentence in *State v. Crawford*, 5th Dist. Richland No. 07 CA 116, 2008-Ohio-6260, appeal not allowed, 121 Ohio St.3d 1442, 2009-Ohio-1638, 903 N.E.2d 1224.

{¶5}   In 2008, appellant filed a motion for post-conviction relief pursuant to R.C. 2953.21 and the trial court overruled the petition as untimely.  We affirmed that decision in *State v. Crawford*, 5th Dist. Richland No. 09-CA-16, 2009-Ohio-5176, appeal not allowed, 124 Ohio St.3d 1418, 2009-Ohio-6816, 919 N.E.2d 216.

{¶6}   In 2009, appellant filed an application to reopen his direct appeal pursuant to App.R. 26(B).  We dismissed the application as untimely, and the Ohio Supreme Court

declined jurisdiction of an appeal from that decision. *State v. Crawford*, 123 Ohio St.3d 1474, 2009-Ohio-5704, 915 N.E.2d 1255.[1]

{¶7} On August 6, 2018, appellant filed a motion asserting his convictions were void due to lack of subject-matter jurisdiction. The trial court found the motion to be an untimely petition for post-conviction relief, that the argument was barred by res judicata, and that the argument failed on its merits.

{¶8} Appellant now appeals from the trial court's decision overruling his motion.

{¶9} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶10} "THE TRIAL COURT COMMITTED REVERSIBLE AND PREJUDICIAL ERROR IN DENYING APPELLANT'S MOTION TO VACATE PARTIALLY VOID JUDGMENT."

**ANALYSIS**

{¶11} Appellant argues the trial court should have granted his motion to vacate a "partially void judgment." We disagree.

{¶12} Appellant's specific issue is the indictment states each offense occurred in Richland County, but the evidence established some of the conduct occurred in Crawford County. Appellant thus challenges the sufficiency of the indictment, arguing his convictions are "void" because the trial court lacked "subject-matter jurisdiction" over the Crawford County allegations. This argument is misplaced for a number of reasons.

---

[1] As appellee points out, appellant's second proposed assignment of error raised the same argument he makes here: his convictions are void due to a "jurisdictional defect," to wit, appellee did not properly indict him upon offenses citing a continuing course of conduct which occurred in Richland and Crawford Counties.

{¶13} In the instant case, appellee's bill of particulars filed October 31, 2007 describes appellant's course of criminal conduct which began in Richland County, Ohio and continued when the family moved to Crawford County, Ohio. Appellant was therefore aware of the alleged venue of the offenses.

{¶14} First, appellant failed to timely object to the alleged defects in the indictment. He complains that each count of the indictment referred only to Richland County, although appellee's evidence established some of the conduct occurred in Crawford County. The indictment does not reference Crawford County. As we will address infra, appellant therefore challenges appellee's assertion of proper venue in the indictment. The Ohio Supreme Court has held that "when a defendant fails to object to an indictment that is defective because the indictment did not include an essential element of the charged offense, a plain error analysis is appropriate." *State v. Colon,* 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169, ¶ 7; *see also, State v. Frazier,* 73 Ohio St.3d 323, 332, 652 N.E.2d 1000 (1995). Pursuant to Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The Ohio Supreme Court has examined this argument and found that there is no plain error if the state asserted the venue of the offenses in the bill of particulars. Where the state has provided a detailed bill of particulars which sets out the location of the offenses, there is no plain error as to any of these counts in the indictment. *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, 23 N.E.3d 1023, ¶ 138.

{¶15} Thus, in addition to failing to challenge the indictment in a timely manner, appellant has not demonstrated plain error and the trial court did not err in refusing to vacate his convictions on the basis of sufficiency of the indictment.

{¶16} Next, appellant's argument fails because he is challenging the venue of the trial court, not subject-matter jurisdiction. Appellant repeatedly states his convictions are void because Richland County did not have "subject-matter jurisdiction" over his criminal conduct in Crawford County. Venue and subject-matter jurisdiction are distinct legal concepts. *State v. Wilson*, 5th Dist. Richland No. 14CA16, 2014-Ohio-3286, ¶ 14, citing *State v. Bobinchuck,* 9th Dist. Summit No. 19536, 2000 WL 1287296, *1 (Sept. 13, 2000). "'Jurisdiction' means the courts' statutory or constitutional power to adjudicate the case." (Internal quotations and citations omitted.) *Id.*, citing *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004–Ohio–1980, ¶ 11. It is only when the trial court lacks subject-matter jurisdiction that its judgment is void. *Id.* at ¶ 12. "Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." *Id.* at ¶ 11.

{¶17} In contrast, venue is not jurisdictional. *State v. Andrews,* 148 Ohio App.3d 92, 2002–Ohio–787, ¶ 20 (10th Dist.) (stating venue "is neither a jurisdictional nor a material element of a criminal offense"). Although "venue is not an essential element of a charged offense," the state must prove venue beyond a reasonable doubt unless the defendant waives it. *State v. Wheat,* 10th Dist No. 05AP–30, 2005–Ohio–6958, ¶ 10, citing *State v. Headley*, 6 Ohio St.3d 475, 477, 453 N.E.2d 716 (1983). A defendant "waives the right to challenge venue when the issue is raised for the first time on appeal." *Id.,* citing *State v. Loucks*, 28 Ohio App.2d 77, 78, 274 N.E.2d 773 (4th Dist.1971); Crim.R. 12(C)(2) (providing that "defenses or objections based on defects in the indictment" must be raised before trial). "Venue is neither a jurisdictional issue nor a material element of a criminal offense." *State v. McCartney*, 55 Ohio App.3d 170, 563 N.E.2d 350 (9th

Dist.1988), citing *Loucks,* supra. "Venue is a personal privilege. It is a fact which the state must prove beyond a reasonable doubt unless waived by the accused." *McCartney,* supra, citing *State v. Headley,* 6 Ohio St.3d 475, 477, 453 N.E.2d 716 (1983).

{¶18} Appellant's legal argument that venue did not properly lie in Richland County is misplaced.  As noted supra, the bill of particulars describes appellant's course of criminal conduct, beginning in Richland County, Ohio and continuing upon the family's move to Crawford County, Ohio.   Appellant was therefore aware of the alleged venue of the offenses. Because appellant committed offenses in different jurisdictions as part of a course of criminal conduct, venue lies for all the offenses in any jurisdiction in which he committed one of the offenses or any element. R.C. 2901.12(A), (C), and (H); *State v. Fowler*, 27 Ohio App.3d 149, 500 N.E.2d 390 (8th Dist.1985), paragraph four of the syllabus; *State v. Beuke*, 38 Ohio St.3d 29, 36, 526 N.E.2d 274 (1988).

{¶19} Finally, appellant's venue argument is barred by the doctrine of res judicata. Under the doctrine of res judicata, a final judgment of conviction bars the defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment. *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Appellant's argument here could have been raised in his direct appeal. Therefore, the trial court properly denied appellant's motion on this basis.

{¶20} We conclude the indictment in the instant case is not defective for failure to properly assert venue because appellee provided a detailed bill of particulars noting that appellant's criminal conduct in Richland and Crawford Counties.  Appellant waived any

issue as to venue by failing to make the argument until his "motion to vacate partially void judgment" and there has been no plain error. The argument fails on the merits because venue lies for all of appellant's offenses in any jurisdiction in which he committed the offenses or any element. Lastly, appellant's argument in the instant appeal is res judicata.

{¶21} We conclude the trial court properly overruled appellant's motion and the sole assignment of error is overruled.

**CONCLUSION**

{¶22} The sole assignment of error is overruled and the judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.