[Cite as *State v. Norman*, 2021-Ohio-2389.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                  :

      Plaintiff-Appellee,            :

                                  No. 20AP-427
v.                                             :        (C.P.C. No. 98CR-2661)

Redan R. Norman,                               :        (REGULAR CALENDAR)

      Defendant-Appellant.           :

---

D E C I S I O N

Rendered on July 13, 2021

---

**On brief:** [*G. Gary Tyack*], Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief:** *Redan R. Norman*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Redan R. Norman, appeals from a judgment of the Franklin County Court of Common Pleas denying his "Motion to Vacate Avoid Judgement for Lack of Subject Matter Jurisdiction and Newly Discovered Evidence Pursuant to Ohio Revised Code §2945.79(D) (E) (F) and Crim.R. 33(A) (5) & (6)." (Sic passim.) For the following reasons, we affirm.

{¶ 2} The facts of this case are more fully detailed in appellant's direct appeal of his convictions. *State v. Norman*, 10th Dist. No 99AP-398 (Dec. 23, 1999) ("*Norman I*"). As relevant to this appeal, in May 1998, appellant shot Kaleb Williams during a confrontation inside appellant's Franklin County home. Following the shooting, appellant and another man disposed of Williams' body in Fairfield County. Following a jury trial in Franklin

County, appellant was convicted of two counts of aggravated murder and one count of kidnapping, all with specifications. Appellant was sentenced to life imprisonment without the possibility of parole.

{¶ 3} Appellant appealed his convictions, raising 13 assignments of error. In them, appellant raised issues regarding prosecutorial misconduct, ineffective assistance of counsel, errors in evidentiary rulings and jury instructions, and sufficiency and manifest weight of the evidence. This court overruled all 13 assignments of error and affirmed appellant's convictions. *Norman I.*

{¶ 4} Thereafter, appellant filed numerous motions for new trial and other collateral challenges to his convictions; all were denied. Relevant to the instant appeal, on December 1, 2015, appellant filed a complaint seeking a declaratory judgment that the underlying criminal judgment was void because Franklin County was not the proper venue to try the case; thus, the trial court lacked subject-matter jurisdiction. Appellant's improper venue argument was based on Williams' death certificate being issued in Fairfield County. The trial court dismissed the action pursuant to Civ.R. 12(B)(6). This court affirmed, finding that a declaratory judgment action was an improper procedural vehicle to collaterally attack a prior criminal conviction. *Norman v. Franklin Cty. Prosecuting Atty.*, 10th Dist. No. 16AP-191, 2016-Ohio-5499, ¶ 11 ("*Norman II*").

{¶ 5} Subsequently, on July 18, 2018, appellant again raised the venue/subject-matter jurisdiction argument in a "Motion to Vacate a Void Judgment of Conviction and Sentences [sic]." Appellant claimed that because Williams' body was discovered and the death certificate was issued in Fairfield County, Franklin County was not the proper venue to bring the various charges against him. Thus, argued appellant, the trial court lacked subject-matter jurisdiction over the case, thereby rendering his convictions void. In support, appellant maintained that the prosecuting attorney fraudulently altered the death certificate used at trial and committed perjury in averring that the crime was committed in Franklin County.

{¶ 6} The trial court construed appellant's motion as a petition for postconviction relief pursuant to R.C. 2953.21 and denied it without a hearing. This court affirmed. *State v. Norman*, 10th Dist. No. 19AP-106, 2019-Ohio-4020 ("*Norman III*"). Specifically, this court held that appellant's motion was an untimely postconviction petition and that he

failed to satisfy the jurisdictional requirements set forth in R.C. 2953.23(A)(1). *Id.* at ¶ 18. We further held that appellant waived his venue-based arguments by not raising them on direct appeal and that the arguments were barred by res judicata. *Id.* at ¶ 19-21. Finally, we held that appellant's venue claim failed on the merits:

> Under R.C. 2901.12(H) venue was proper in Franklin County, since "[w]hen an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred." *See State v. Armengau*, 10th Dist. No. 14AP-679, 2017-Ohio-4452, ¶ 111, 93 N.E.3d 284. Under R.C. 2901.12(H)(1), the fact that "[t]he offenses involved the same victim" is prima facie evidence of a course of criminal conduct. The kidnapping and homicide of Williams was undoubtedly a single course of conduct, and even though Kaleb Williams' body was discovered in Fairfield County, the evidence clearly demonstrated that Norman fired the shot that killed Williams in Franklin County.

*Id.* at ¶ 21.

{¶ 7} The Supreme Court of Ohio subsequently dismissed appellant's motion for delayed appeal. *State v. Norman*, Feb. 4, 2020 Case Announcements, 2020-Ohio-313 ("*Norman IV*").

{¶ 8} On June 4, 2020, appellant filed the instant motion, once again arguing that because Williams' body was discovered and the death certificate was issued in Fairfield County, the case was improperly venued in Franklin County; accordingly, the trial court lacked subject-matter jurisdiction over the case and his convictions were thus void. In support, appellant, in a slight variation of the perjury argument asserted in his first motion to vacate, alleged that the prosecuting attorney "suppressed" the fact that "Franklin County didn't have Venue." (June 4, 2020 Mot. to Vacate at 8.) Although not clearly articulated, appellant suggested that the prosecuting attorney's suppression of the venue issue constituted newly discovered evidence.

{¶ 9} The trial court denied appellant's motion without a hearing. The court noted that "the Defendant makes essentially the same arguments he made in the motion to vacate he filed July 18, 2018. This Court denied that motion which was appealed to the Tenth District Court of Appeals which affirmed the decision." (Aug. 5, 2020 Entry at 1.) The court

further found that based on the evidence presented at trial, "venue was proper in Franklin County. Likewise, the Court had subject matter jurisdiction." *Id.* Finally, the trial court observed that "Defendant's argument regarding newly discovered evidence is the same argument with regard[] to prosecutorial misconduct he raised in his last motion. The evidence that he presents is not newly discovered." *Id.*

{¶ 10} Appellant assigns the following two errors for our review:

> [I]. The court abused it's [sic] discretion when it created a plain error, when it dismissed appellants [sic] motion without a hearing.
> [II]. The court created a plain and structural errors [sic] as to venue and subject matter jurisdiction, making the judgment of this court void.

{¶ 11} Because appellant's assignments of error are interrelated, we address them together. In them, appellant contends the trial court erred in overruling his motion to vacate without holding an evidentiary hearing. Appellant maintains that the trial court lacked subject-matter jurisdiction because the state failed to prove venue in Franklin County. The state contends that appellant's arguments are barred by the doctrines of res judicata and law of the case. We agree.

{¶ 12} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on appeal from that judgment." *State v. Anderson*, 10th Dist. No. 17AP-53, 2017-Ohio-5609, ¶ 8, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶ 13} Contrary to appellant's assertion, venue is not a jurisdictional element of a criminal offense. *State ex rel. Whitt v. Harris*, 157 Ohio St.3d 384, 2019-Ohio-4113, ¶ 10, citing *State v. Crawford*, 5th Dist. No. 18CA79, 2019-Ohio-273, ¶ 17. Failure to prove venue must be raised on direct appeal. *Id.* Because appellant did not raise his improper venue argument on direct appeal, his challenge to his convictions on that basis is barred by res judicata. *State v. Harris*, 2d Dist. No. 2013 CA 10, 2013-Ohio-4818, ¶ 12 (finding appellant's argument regarding improper venue barred by res judicata where appellant did not challenge venue on direct appeal); *State v. Piesciuk*, 12th Dist. No. CA2013-01-011,

2013-Ohio-3879, ¶ 45 (venue issue could have been raised on direct appeal and thus was barred by res judicata).

{¶ 14} The law of the case doctrine also applies to this case. "The law of the case doctrine provides that 'the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.' " *State v. Harding*, 10th Dist. No. 10AP-370, 2011-Ohio-557, ¶ 16, quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). "The law of the case doctrine is rooted in principles of res judicata and issue preclusion." *Id.*, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 35. The doctrine " 'ensures consistent results in a case, avoids endless litigation by settling the issues, and preserves the constitutional structure of superior and inferior courts.' " *Brisco v. U.S. Restoration & Remodeling, Inc.*, 10th Dist. No. 18AP-109, 2019-Ohio-5318, ¶ 7, quoting *Farmers State Bank v. Sponaugle*, 157 Ohio St.3d 151, 2019-Ohio-2518, ¶ 22.

{¶ 15} In *Norman III,* this court conclusively determined that appellant's venue-based arguments are barred by res judicata and otherwise fail on the merits. There was no further appeal and that judgment became final. As appellant raises the same venue-based claims previously addressed and rejected by this court, such claims are also barred by the law of the case doctrine.

{¶ 16} For the foregoing reasons, we find that the trial court did not abuse its discretion in denying appellant's June 4, 2020 motion to vacate without a hearing. As such, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

LUPER SCHUSTER and NELSON, JJ., concur.

NELSON, J., retired, of the Tenth Appellate District, assigned
to active duty under authority of Ohio Constitution, Article IV,
Section 6(C).